**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**INJAH E. TAFARI,**                                   :
                                                       :
                  **Plaintiff,**       :
                                                       :     **02 Civ. 1733 (HB)**
     - against -                                :
                                                       :     **MEMORANDUM**
                                                       :     **OPINION & ORDER**
**JOHN MCGINNIS et. al.,**                             :
                                                       :
                  **Defendants.**     :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

On May 19, 2003, I revoked Plaintiff *pro se* Injah Tafari's ("Plaintiff" or "Tafari") *in forma pauperis* ("IFP") status because he had filed three lawsuits that had been dismissed as frivolous, malicious, or for failure to state a claim (i.e. three "strikes"). See 28 USC § 1915(g) (2007). On January 22, 2007, Tafari petitioned this Court to reinstate his IFP status.

Because Tafari no longer possesses three "strikes" within the meaning of 28 USC § 1915(g), following recent Second Circuit interpretation of that statute, Tafari's IFP status is reinstated.[1]

## I.    BACKGROUND

28 U.S.C. § 1915(g) states, in relevant part, that IFP status for a prisoner is revoked if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted…" See 28 U.S.C. § 1915(g).

In my May 19, 2003 Memorandum Order revoking Tafari's IFP status for this case, I cited three dismissed lawsuits by Tafari that meet the "three strikes" requirement of § 1915(g). Those "strikes" are:

1) Tafari v. Hues, No. 00 Civ. 7282, slip op. at 1 (S.D.N.Y. Jan 29, 2002), dismissed pursuant to Fed. R. Civ. P. 12(b)(6);

---

[1] The Court wishes to thank Chris Fitzgerald of CUNY School of Law for his assistance in researching this Opinion.

2) Tafari v. Aidala, No. 00 Civ. 405, slip op (S.D.N.Y. Sept. 28, 2001), also dismissed pursuant to Fed. R. Civ. P. 12(b)(6); and

3) The Second Circuit's subsequent dismissal of Tafari v. Aidala for frivolousness. Tafari v. Aidala, No. 01-0279 (2d Cir. 2001).

See Tafari v. McGinnis, 2003 U.S. Dist. LEXIS 8427, at *1-3 (S.D.N.Y. May 19, 2003).[2]

Recently, the district court concluded it would be both unfair and illegal to count Tafari v. Hues as a "strike" because the Hues dismissal was based on a "remediable failure to exhaust administrative remedies," rather than an ultimate determination on the merits. The Second Circuit subsequently affirmed. See Hues, 473 F.3d 440, 441, 442-43, citing Snider v. Melindez, 199 F. 3d 108 (2d Cir. 1999). Additionally, the Hues Court disqualified a fourth dismissal of a separate lawsuit by Tafari as a "strike," as that dismissal was based on the prematurity of an interlocutory appeal, rather than an ultimate determination on the merits. See Hues at 443, citing Tafari v. Moscicki, No. 01-0035 (2d Cir. Aug. 8, 2001) ("Moscicki").

## II.   DISCUSSION

A case dismissed for failure to state a claim pursuant to FRCP 12(b)(6) does not count as a "strike" to revoke a prisoner's IFP status if it is a dismissal without prejudice for a remediable failure to comply with procedural prerequisites. See Hues, 473 F.3d 440, 443, citing 28 U.S.C. § 1915(g).

Accordingly, as noted above, the first "strike" I cited in my May 19, 2003 Order, Tafari v. Hues, No. 00 Civ. 7282, was subsequently disqualified as a "strike" by the district court, with that disqualification subsequently affirmed by the Hues Court. See Hues, 473 F.3d at 442. In fact, § 1915(g) does not encompass dismissals for failure to exhaust administrative remedies, because § 1915(g) was "intended to apply to nonmeritorious suits dismissed with prejudice… because of a determination that [they] ultimately cannot succeed… not suits dismissed without prejudice for failure to comply

---

[2] The order also cites Tafari v. Gilmore, No. 02 Civ. 403, slip op. at 2-3 (W.D.N.Y. July 12, 2002), which also previously denied Tafari's request for IFP pursuant to the three strikes rule of 28 § U.S.C. 1915(g), citing the same three cases mentioned here.

with a procedural prerequisite." Id. (internal citations omitted), citing Snider v. Melindez, 199 F.3d 108, 111. Thus, of the three "strikes" I cited when I revoked Tafari's IFP status, only two "strikes" remain.

Similarly, the Hues Court held that its own dismissal *sua sponte* of a fourth case, Tafari v. Moscicki, No. 01-0035, for lack of jurisdiction to review a non-final order does not count as a "strike" since § 1915(g) "does not encompass a premature notice of appeal..." Hues, 473 F. 3d at 444 ("Just as dismissal because of the prematurity of a suit does not qualify as a strike, neither should dismissal because of the prematurity of an appeal.... [A] premature appeal is not irremediably defective, and dismissal of such an appeal is not based on a determination that it ultimately cannot succeed.") (internal citations omitted). Thus, the Moscicki dismissal does not serve as an alternate third "strike."[3]

The only two remaining "strikes" against Tafari are the two *Aidala* dismissals (i.e. Aidala and the subsequent Aidala appeal). Tafari's IFP status should accordingly be reinstated.

### III. CONCLUSION

Because only two "strikes" within the meaning of 28 U.S.C. § 1915(g) remain against Plaintiff Injah Tafari, Tafari's *in forma pauperis* status in this case is hereby reinstated.

**SO ORDERED.**

**April 6, 2007**
**New York, New York**

U.S.D.J.

---

[3] Additionally, through correspondence with the Clerk of the Western District of New York, this Court has not discovered any further dismissals in either Tafari v. Gilmore, 02 Civ. 403 (W.D.N.Y) ("Gilmore") or Tafari v. Moscicki, 01 Civ. 11 (W.D.N.Y.) (caption subsequently changed to Tafari v. France) that could be considered a "strike." The Gilmore and Moscicki district courts both revoked Tafari's IFP status, pursuant to §1915(g), citing the same three cases as grounds for their revocation as our instant case, i.e. Hues, Aidala, and the Aidala appeal. Consideration of the Gilmore and Moscicki cases does not change the above analysis. (That said, since as noted above, the *Hues* "strike" has been disqualified, the appropriate Western District courts may want to reconsider their revocation of Tafari's IFP status for Gilmore and Moscicki.)

3